HENRY NOLTE, Appellant, *v.* WILLIAM W. LOWE *et al.,* Appellees.

APPEAL FROM PEORIA.

Upon an arbitration bond to abide the award in the penalty of $1000, as stipulated damages, and an award made under it, a party may sue on the award, or on the bond. If upon the latter, he may recover his damages, without regard to the penalty, and sufficient to include the amount of the award.

If suit is brought on the award, the bond is satisfied by the recovery; and the party occupies the same position that he would if the award had been paid without suit.

An independent suit for not paying money at the time stipulated by a contract cannot be sustained, where a recovery has been had upon the contract.

An action will not be sustained against a party for using his legal defenses, or resorting to his legal remedies to get rid of an illegal judgment.

THE opinion of the court furnishes a statement of the case. The cause was submitted to the Peoria Circuit Court at March term, 1857, DAVIS, Judge, presiding, who gave judgment for the defendants below, appellees here.

N. H. PURPLE, for Appellant.

H. M. WEAD, for Appellees.

SKINNER, J. In January, 1856, Nolte and Lowe & Chapin, having divers suits pending in the circuit court of Peoria county, and there being other matters of controversy between

them, they submitted them all to arbitration, which submission was held by this court to be a common law, and not a statutory proceeding.

The agreement of submission (which is set out in full in the declaration) provides that the award, when made, should, at the next term of the circuit court, or at any term thereafter, be entered and become a judgment of said court, upon which execution might issue, as in cases of judgments at law in said court.

The said submission contained this further provision : " It is also further stipulated and agreed, by and between the parties, that neither of the parties will, in any event, revoke or annul this agreement of submission, and they bind themselves, each to the other, that they will abide by the said submission, and the award made under the same, in the penalty of one thousand dollars, as stipulated damages, to be paid by the party delinquent to the party complying."

The arbitrators made an award in Nolte's favor of $5,876.46, and costs, and also that Lowe and Chapin should pay the costs of the pending suits, and that they should be dismissed.

Pursuant to the award and submission, Nolte applied to the court for judgment thereon ; Lowe & Chapin resisted the motion. The court gave judgment on the award, and Lowe & Chapin appealed to this court, where the judgment was reversed, for the reason that, notwithstanding the agreement, the circuit court had no jurisdiction to enter the judgment.

Nolte then brought a suit at common law, in the circuit court of Peoria county, and again recovered for the amount of the award, including all costs awarded in his favor.

Lowe & Chapin again appealed to this court, and, at June term, 1856, the judgment was affirmed.

Execution was issued on the judgment, land was sold, and, finally, the judgment and all costs were collected, and paid before the commencement of this suit.

The agreed case shows that, in order to recover the award, Nolte was compelled to pay $432.55 costs, and attorney's fees.

The only question in the case is, whether, under the circumstances, Lowe & Chapin are liable to pay the $1000, stipulated damages, or any other sum,. in debt or damages, under the clause in the submission before recited.

The provision in this bond for the payment of the $1000 was held by this court to amount, in law, to a penalty, and not to an agreement for stipulated damages. *Lowe et al.* v. *Nolte,* 16 Ill. R. 475.

Nolte, upon the rendition of the award in his favor, and non-performance of it by Lowe & Chapin, had his election of remedies — either to sue on the bond of submisssion or on the

award. Had he sued on the bond, he could have recovered his damages, without regard to the amount of the penalty of the bond, and those damages would have included the amount of the award.

He chose to sue on the award, and, having done so, recovered judgment thereon, and obtained satisfaction of the judgment. He, in legal contemplation, occupies the same position, as regards the bond, that he would had the award been paid without suit. The bond is satisfied by the recovery upon the award; and although that satisfaction was obtained by legal coercion, the effect is the same—it *is* satisfied.

We know of no principle of law which allows an independent suit for not paying money at the *time* stipulated by contract, where a recovery has been had upon the contract. Nor do we know of any principle or precedent for maintaining an action against another for using his legal defenses, or resorting to legal remedies, to get rid of an illegal judgment. *Thompson* v. *Childs*, 7 Iredel R. 435; *Beale* v. *Hayes*, 5 Sandford R. 640.

*Judgment affirmed.*